IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CR 08-15S

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CR. No. |
| v. | ) | |
| | ) | Violations: 21 U.S.C. § 843(a)(3) |
| JOHN MOCCIA | | |

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and Defendant, JOHN MOCCIA, have reached the following agreement:

1. Defendant will waive presentation of this matter to a grand jury and consent to the filing of an Information which charges the Defendant with acquiring or obtaining a controlled substance by misrepresentation, fraud, forgery, deception or subterfuge, in violation of 21 U.S.C. § 843(a)(3) (COUNT I).

2. In exchange for Defendant's waiver of indictment and plea of guilty:

a. The government will recommend that the Court impose the lowest term of imprisonment for the offense level determined by the Court under the United States Sentencing Guidelines, including probation or a "split-sentence" if permitted.

b. For purposes of determining the offense level, the government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under § 3E1.1 of the guidelines.

c. The government is free to recommend any combination of supervised release, restitution, or fine which it deems appropriate.

3. Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a). Defendant and the government stipulate to the following guidelines calculations:

a. Defendant obtained fentanyl, a Schedule II controlled substance, while working as a registered nurse at the Veteran's Administration Hospital (VA Hospital) in Providence, Rhode Island.

4. Immediately upon entering his plea of guilty, Defendant agrees to voluntarily surrender his Rhode Island Nursing License to the Rhode Island Board of Nursing, and agrees not to reapply for a nursing license in any State, including but not limited to Rhode Island, for a period of at least three years. Defendant understands that his ability to obtain a nursing license thereafter is at the sole discretion of the Board of Nursing of the State in which he seeks to re-apply.

5. The maximum statutory penalties for the offense to which Defendant is pleading guilty are as follows:

COUNT I (21 U.S.C. § 843(a)(3)): 4 years imprisonment, a fine of up to $250,000, a term of supervised release of up to 3 years, and a mandatory special assessment of $100.00.

6. Defendant agrees that, after defendant and counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the fine and of the special

assessment.

7. Defendant understands that defendant has the following rights:

a. to be represented by an attorney at every stage of the proceedings against him;
b. to persist in a plea of not guilty;
c. to be tried by a jury;
d. to have counsel assist at trial;
e. to confront and cross-examine witnesses;
f. to call witnesses on his own behalf; and
g. to testify on his own behalf, if he wishes, but also the right against self-incrimination and that he, therefore, could not be forced to testify.

Defendant further understands that, by pleading guilty, defendant gives up the right to a trial.

8. Defendant is advised that the government has in its possession certain physical evidence. Defendant understands that the government does not intend to conduct DNA testing of any of this evidence. Defendant further understands that Defendant could request DNA testing of such evidence in this case prior to any finding of guilt against Defendant. Defendant further understands that, following this Court's entry of a judgment of conviction for the offense[s] to which Defendant is pleading guilty, Defendant has the right to request DNA testing of such evidence pursuant to 18 U.S.C. § 3600.

Knowing and understanding this right to request such DNA testing, Defendant hereby knowingly and voluntarily waives and gives up that right. Defendant understands that Defendant will never have another opportunity to have the evidence in this case submitted for DNA testing or to employ the results of DNA testing to support a claim that Defendant is innocent of the offense[s] to which Defendant is pleading guilty. Defendant further understands that by waiving and giving up this DNA testing right, the physical evidence in this case need not be retained for

any such purpose.

9. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

10. Except for paragraphs 2 and 3 above, the parties have made no agreement concerning the application of the guidelines in this case.

11. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. Defendant also understands that even if the Court's guideline determinations and sentence are different than Defendant expects, Defendant will not be allowed to withdraw Defendant's plea of guilty.

12. Defendant understands that Defendant may have the right to file a direct appeal from the sentence imposed by the Court. Defendant hereby waives Defendant's right to file a direct appeal, if the sentence imposed by the Court is within or below the guidelines range determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

13. This agreement is binding on the government only if Defendant pleads guilty, fulfills all its obligations under the agreement, does not engage in any conduct constituting obstruction of justice under §3C1.1 of the guidelines, and does not commit any new offenses. Defendant

understands that if Defendant violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw its guilty plea.

14. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

15. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced him to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

16. Counsel for Defendant states that he has read this agreement, been given a copy of it for his file, explained it to his client, and states that to the best of his knowledge and belief, Defendant understands the agreement and accepts its terms.

17. Defendant states that it has read the agreement or has had the agreement read to him, has discussed it with counsel, understands it, and agrees to its provisions.

| | |
|---|---|
| JOHN MOCCIA<br>Defendant | 2/20/08<br>Date |
| THOMAS BRIODY<br>Counsel for Defendant | 2/25/08<br>Date |
| ADI GOLDSTEIN<br>Assistant U.S. Attorney | 2/26/08<br>Date |
| STEPHEN G. DAMBRUCH<br>Chief, Criminal Division | 02/26/2008<br>Date |